EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MISONIX, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 2:17-cv-03385-ADS-AYS |
| | (Consolidated with No. 2:17-cv-03657-ADS-GRB) |
| This Document Relates To: | Honorable Arthur D. Spatt |
| ALL DERIVATIVE ACTIONS. | Courtroom 1020 |

**ORDER PRELIMINARILY APPROVING STOCKHOLDER**
**DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT**

**WHEREAS,** an action is pending before this Court entitled *In re Misonix, Inc. Stockholder Derivative Litigation.*, Lead Case No. 2:17-cv-03385-ADS-AYS (the "Action");

**WHEREAS,** Plaintiffs Irving Feldbaum and Michael Rubin (the "Plaintiffs") have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated as of May 3, 2019 ("Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; (ii) approving the form and manner for dissemination of the Notice and Summary Notice, and (iii) setting a date forty-five days after entry of this Preliminary Approval Order for the hearing at which the Court will determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the Fee and Expense Amount, and the entry of the Order and Final Judgment attached as Exhibit B to the Stipulation ("Settlement Hearing");

**WHEREAS,** the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order; and

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1

1. The Court preliminarily approves the Stipulation and the terms set forth therein, subject to further consideration at the Settlement Hearing described below.

2. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear ("Notice") and the Summary Notice of Proposed Settlement of Shareholder Derivative Action ("Summary Notice"), annexed hereto as Exhibits A-1 and A-2, respectively, and finds that the distribution of the Notice substantially in the manner and form set forth in this Order pursuant to Section V.3 of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process Clause), and any other applicable law, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. No later than ten (10) business days after the entry of the Preliminary Approval Order, Misonix shall: (i) cause the Stipulation of Settlement and the Notice to be filed with the SEC along with a Current Report on Form 8-K or other appropriate filing; (ii) cause the Summary Notice to be published one time in the national edition of *Investors' Business Daily*; and (iii) publish on an Internet page that Misonix shall create for this purpose, which shall be accessible via a link on the "Investor Relations" page of Misonix's website, the address of which shall be contained in the Notice and Summary Notice, for a period of forty-five (45) days following the date of entry of the Preliminary Approval Order, the Stipulation of Settlement and Notice. All costs incurred in posting and publishing the Notice in the form and manner ordered by the Court shall be paid by Misonix.

5. At least twenty-one (21) days prior to the Settlement Hearing, counsel for Misonix shall serve on Plaintiffs' Counsel and file with the Court an appropriate affidavit or declaration with respect to posting and publishing the Notice in accordance with ¶ 4 above.

6. The Settlement Hearing shall be held before this Court at 9:00 a.m. on July 26, 2019, at the United States District Court for the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interest of Misonix and Current Misonix Shareholders and should be approved by the Court; (ii) whether the Order and Final Judgment, as attached to the Stipulation as Exhibit B, should be entered by the Court; and (iii) whether to approve the Fee and Expense Amount to be paid to Plaintiffs' Counsel and the service award to Plaintiffs to be paid therefrom, as provided in the Stipulation. The Court may adjourn the Settlement Hearing without further notice to Current Misonix Shareholders.

7. Any Current Misonix Shareholder as of May 3, 2019 may appear and show cause why the proposed Settlement of the Action as set forth in the Stipulation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, or the Fee and Expense Amount should or should not be awarded to Plaintiffs' Counsel, or a service award should or should not be granted to Plaintiffs; provided, however, that no Current Misonix Shareholder or any other Person shall be heard or entitled to contest such matters unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received (and not simply postmarked) by the counsel listed below at least ten (10) calendar days before the Settlement Hearing. Moreover, said objections, papers, and briefs must be filed with the Clerk of the United States District Court for the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, at least ten (10) calendar days before the Settlement Hearing.

Any such objection must: (a) clearly indicate the objector's name, mailing address, telephone number, and e-mail address; (b) specify the reason(s), if any, for the objection, including any legal support for such objection; and (c) provide written documentation (whether from the objector's bank, broker or otherwise) of current Misonix stock ownership.  In order to be considered, an objection also must be signed by the Current Misonix Shareholder making the objection.  Any Current Misonix Shareholder who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation and the Order and Final Judgment, or to the Fee and Expense Amount, or the service award to Plaintiffs, unless otherwise ordered by the Court.  A person or entity objecting or otherwise requesting to be heard at the Settlement Hearing, shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Released Claims provided for in the Stipulation and Order and Final Judgment).

*Plaintiffs' Counsel*

Robbins Arroyo LLP, Shane P. Sanders, 5040 Shoreham Place, San Diego, California, 92122

WeissLaw LLP, David C. Katz, 1500 Broadway, 16th Floor, New York, New York 10036

*Counsel for Defendants Misonix, Inc. Stavros G. Vizirgianakis, Richard A. Zaremba, John W. Gildea, Charles Miner III, Patrick A. McBrayer, Thomas M. Patton, and T. Guy Minetti*

Williams & Connolly LLP, John S. Williams, 725 Twelfth Street, N.W., Washington, D.C. 20005

*Counsel for Defendant Michael A. McManus, Jr.*

Kramer Levin Naftalis & Frankel LLP, Arthur H. Aufses III, 1177 Avenue of the Americas, New York, New York 10036

8. All papers in support of the Settlement and the award of the Fee and Expense Amount, and service award to Plaintiffs to be paid therefrom, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing. All papers in reply to any objection that may be filed shall be filed and served no later than three (3) calendar days prior to the Settlement Hearing.

9. The Court reserves the right to adjourn the date of the Settlement Hearing and to modify any other dates set forth herein without further notice to the Current Misonix Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Misonix Shareholders. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action with prejudice regardless of whether it has awarded the Fee and Expense Amount.

10. All Current Misonix Shareholders shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Current Misonix Shareholders. If the Settlement is approved, all Current Misonix Shareholders will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court.

11. Neither the Stipulation, whether or not consummated, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it:

(a) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that

had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of the Defendants;

    (b) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

    (c) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or to enforce its terms; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to the Stipulation to effectuate and enforce the liability protection granted them hereunder; and/or

    (d) shall be construed against any of the Defendants for any purpose, including without limitation as a presumption, concession, or admission that the consideration to be given thereunder represents the amount that could be or would have been recovered after trial.

  12. If the Stipulation and the Settlement set forth therein fail to become effective in accordance with their terms, or if the Order and Final Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the Settlement), this Preliminary Approval Order (except ¶ 11) shall be null and void, the Settlement shall be deemed terminated, and the Parties shall return to their positions as of May 3, 2019, without prejudice to the rights of the Parties *status quo ante*.

  13. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, all Current Misonix

Shareholders are enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____May 9, 2019_____          _____/s/ Arthur D. Spatt_____
                                                                    ARTHUR D. SPATT
                                                                    UNITED STATES DISTRICT JUDGE