UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MISONIX, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 2:17-cv-03385-ADS-AYS<br><br>(Consolidated with No. 2:17-cv-03657-ADS-GRB) |
| This Document Relates To:<br><br>ALL DERIVATIVE ACTIONS. | Honorable Arthur D. Spatt<br><br>Courtroom 1020 |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2019 ★
LONG ISLAND OFFICE

### [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, this matter in the above-captioned action (the "Action") came before the Court for a Settlement Hearing pursuant to the Order of this Court dated May 9, 2019 (the "Preliminary Approval Order"), on the application of the parties for preliminary approval of the proposed Settlement set forth in the Stipulation of Settlement dated as of May 3, 2019, and the exhibits thereto (the "Stipulation"); and

**WHEREAS**, due and adequate notice has been given of the Settlement as required in the Preliminary Approval Order; and

**WHEREAS**, the Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement, and the Court has been fully advised of the premises for the Settlement and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

2. For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the Action and all parties to the Action, including but not limited to: Irving

Feldbaum and Michael Rubin (the "Plaintiffs"); nominal defendant Misonix, Inc. ("Misonix"); Michael A. McManus, Jr., Stavros G. Vizirgianakis, Richard A. Zaremba, John W. Gildea, Charles Miner, III, Patrick A. McBrayer, Thomas M. Patton, and T. Guy Minetti (the "Individual Defendants"); and any Person who held or beneficially held Misonix common stock as of May 3, 2019 and who continued to hold that Misonix common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of Misonix, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest (the "Current Misonix Shareholders").

3. The Court finds that the Notice and Summary Notice provided to Current Misonix Shareholders constituted the best notice practicable under the circumstances. The Notice and Summary Notice fully satisfied the requirements of federal law and due process.

4. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that all counsel and parties appearing in this Action have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure during the course of the litigation of the Action.

5. The Court finds that the terms of the Settlement as set forth in the Stipulation are fair, reasonable, and adequate as to each of the Parties and to Current Misonix Shareholders, and hereby finally approves in all respects the Settlement as set forth in the Stipulation, and orders the Parties to perform its terms to the extent the Parties have not already done so.

6. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation.

7. Plaintiffs and all Current Misonix Shareholders are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Misonix, Michael A. McManus, Jr., Stavros G. Vizirgianakis, Richard A. Zaremba, John W. Gildea, Charles Miner, III, Patrick A. McBrayer, Thomas M. Patton, and T. Guy Minetti, all and each of them, and all and each of their (i) respective spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and (ii) with regard to Misonix, all past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, insurers, and assigns (the "Released Parties"), with respect to the "Released Claims," defined as any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown (including Unknown Claims (as defined in § V.1.24 of the Stipulation)), accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, whether or not concealed or hidden, asserted or un-asserted, existing directly or derivatively on behalf of Misonix, by Plaintiffs or any other shareholder of Misonix, with respect to any and all conduct, matters, transactions, filings, or occurrences that (a) were alleged in the Action; (b) arise from or related to any of the conduct, matters, transactions, filings, or occurrences that were alleged in the Action; (c) could have been

asserted with respect to any of the matters, transactions, filings, or occurrences that were alleged in the Action; or (d) arise out of or relate to the defense, prosecution, settlement, or resolution of the Action, including the Settlement. Excluded from the term "Released Claims" are (i) all claims alleged in the Securities Class Action, (ii) any claims to enforce the Settlement, and (iii) any claims brought under or reserved by the agreements or by-laws identified in § V.5.4 of the Stipulation.

8. Misonix, the Released Parties, their insurers, and all Current Misonix Shareholders, and their respective (i) spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and (ii) with regard to Misonix, all past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, insurers, and assigns are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiffs and Plaintiffs' Counsel, and all and each of their respective past and present spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers,

directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns from all claims (including Unknown Claims (as defined in § V.1.24 of the Stipulation)) accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, whether or not concealed or hidden, asserted or un-asserted, existing directly or indirectly with respect to any and all conduct, matters, transactions, filings, or occurrences that (a) were alleged in the Action; (b) arise from or related to any of the conduct, matters, transactions, filings, or occurrences that were alleged in the Action; (c) could have been asserted with respect to any of the matters, transactions, filings, or occurrences that were alleged in the Action; or (d) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Excluded from the term "Released Claims" are (i) all claims alleged in the Securities Class Action, (ii) any claims to enforce the Settlement, and (iii) any claims brought under or reserved by the agreements or by-laws identified in § V.5.4 of the Stipulation.

9. Plaintiffs and all Current Misonix Shareholders are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

10. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11. This Court hereby approves the Fee and Expense Amount of $500,000, in accordance with the Stipulation, and finds that such fee is fair and reasonable.

12. The Court hereby approves the service award of $3,000 to each of the Plaintiffs to be paid from the Fee and Expense Amount, which the Court finds to be fair and reasonable.

13. Except as otherwise expressly provided herein, the Stipulation and Settlement, whether or not consummated, and any proceedings taken pursuant to it:

    a. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of the Defendants;

    b. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

    c. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding; and/or

    d. shall not be construed against any of the Defendants for any purpose, including without limitation as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

14. Without affecting the finality of this Judgment in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement; (b) the Action, until the Effective Date; (c) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (d) any other matters solely related to the Settlement.

15. In the event that this Judgment does not become Final in accordance with § V.1.8 of the Stipulation, and the Effective Date in accordance with § V.6.1. of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall return to their positions as of May 3, 2019.

16. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

*Case Closed*

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 7/26/19

/s/ Arthur D. Spatt
ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE